IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WINFRED LEON WALKER  §  |  |  |
|     TDCJ-CID #1405469[1] § | | |
| V. § | | C.A. NO. C-07-060 |
| § | | |
| GARY JOHNSON, ET AL. § | | |

**MEMORANDUM AND RECOMMENDATION TO DISMISS ACTION**

Plaintiff, a Texas state prisoner, filed this civil rights action on February 6, 2007 (D.E. 1), and sought leave to proceed *in forma pauperis* (D.E. 2). For the reasons stated herein, it is respectfully recommended that plaintiff's application to proceed *in forma pauperis* be denied, and that this case be dismissed without prejudice.

**Three strikes rule**

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act ("PLRA), including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. Id.

---

[1] Plaintiff lists a second TDCJ identification number as 231598. (D.E. 1 at 4). His inmate trust fund statement also reflects that he has been assigned TDCJ numbers 662633 and 583192 (D.E. 3 at 3).

**Analysis**

Plaintiff has had at least four prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.  See  Walker v. Johnson, et al., No. 6:99-cv-027 (W.D. Tex. Feb. 1, 1999) (first strike); Walker v. Shaw, et al., No. 3:99-cv-708 (N.D. Tex. May 12, 1999) (second strike); Walker v. Johnson, No. 3:98cv1917 (N.D. Tex. Sept. 1, 1998) (third strike); and Walker v. Putnicki, No. 6:00cv065 (W.D. Tex. Mar. 20, 2000) (fourth strike).  Plaintiff is now barred from filing a civil rights suit *in forma pauperis* unless he is in imminent danger of physical injury.  28 U.S.C. § 1915(g).

In his complaint, plaintiff makes no allegation that he is under imminent danger of serious physical injury.  (See D.E. 1 at 3-4).  He complains only that he was denied access to the law library while at the Garza West Unit in Beeville, Texas.  Id.  He is now at the Dominguez Unit, and he has not alleged any claim regarding threats of serious physical injury.

**Recommendation**

Plaintiff has lost the privilege of proceeding *in forma pauperis* and he has failed to allege that he is in imminent danger of physical harm.  Accordingly, it is respectfully recommended that plaintiff's application for leave to proceed *in forma pauperis* (D.E. 2) be denied and that this lawsuit be dismissed without prejudice.  It is recommended further that plaintiff be permitted to move to reinstate the lawsuit, but only if the $350.00 filing fee is paid simultaneously with the motion to reinstate.

Respectfully submitted this 12th day of February, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

2

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).